811 F.2d 606
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jan R. KLUMPP, Petitioner-Appellant,
v.
William WITHWORTH, Hamilton County Municipal Court,
Respondents-Appellees.
 No. 86-3269.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1986.
 
 Before KEITH and GUY, Circuit Judges; and ALLAN EDGAR*
 PER CURIAM:
 
 
 1
 Petitioner, Jan R. Klumpp, appeals from the district court's dismissal of his petition for writ of habeas corpus from his conviction for violating Sec. 4511.19(A)(3) of the Ohio Revised Code. We affirm.
 
 
 2
 On April 21, 1983, petitioner was arrested and charged with violating Secs. 4511.19(A)(1), (A)(2) and (A)(3) of the Ohio Revised Code. All of the other charges against him other than his violation of Sec. 4511.19(A)(3) were dismissed; petitioner pled not guilty to this charge. Petitioner waived his right to a jury trial and stipulated to the following facts:
 
 
 3
 1. All acts relevant to the charges brought against the petitioner occurred on April 21, 1983.
 
 
 4
 2. Officer Fromhold, a Cincinnati, Ohio, police officer, observed the petitioner at 9:05 p.m. operating his vehicle on the Sixth Street Viaduct in Cincinnati, Ohio. While observing the petitioner, the petitioner operated his vehicle at 71 miles per hour in a 50 mile per hour zone and changed lanes six times. He observed the petitioner passing cars and changing lanes indiscriminately without using signals.
 
 
 5
 3. Officer Fromhold stopped the petitioner and transported him to District 3. At the time of the stop, the petitioner had a moderate odor of alcohol about him and did not do well on the psychomotor tests, and admitted he had been drinking. At 9:40 p.m., the petitioner was given an intoxilyzer test. The result of the intoxilyzer test at 9:40 p.m. was .129 by the visual readout and .12 as indicated by the intoxilyzer test record.
 
 
 6
 Petitioner was convicted and sentenced by the Hamilton County Municipal Court. After exhausting his available state remedies, petitioner was denied habeas corpus relief in the United States District Court for the Southern District of Ohio, Western Division. Petitioner appealed.
 
 
 7
 Petitioner first claims that he is entitled to habeas corpus relief because his state court conviction is based upon insufficient evidence. We disagree. The federal review of a habeas petition which examines the sufficiency of the evidence must analyze whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Ohio Revised Code Sec. 4511.19(A)(3) prohibits the operation of a motor vehicle when a person has a ten percent blood alcohol content in their system. In the instant case, petitioner stipulated to a higher concentration of alcohol in his system. Therefore, we find that the evidence was sufficient to sustain petitioner's conviction.
 
 
 8
 Petitioner also argues that the results of a breathalyzer test taken thirty-five minutes after arrest cannot be considered proof beyond a reasonable doubt of petitioner's blood alcohol content at the exact moment he was driving. Again, we disagree. Ohio Revised Code Sec. 4511.19(B) provides that if a breath sample is taken within two hours of the time of the alleged violation, the test result is probative of the defendant's blood alcohol content at the time of violation. See State v. Tanner, 15 Ohio St.3d 1, 472 N.E.2d 689 (1984). Furthermore, a court can take judicial notice of the meaning of an intoxilyzer reading in weighing the evidence. State v. Mendieta, 20 Ohio App.3d 484, N.E.2d 180 (1984). Thus, we believe the district court was correct in holding "[t]he fact that the test was administered thirty-five minutes after the petitioner was observed driving a motor vehicle does not preclude a finding of guilt beyond a reasonable doubt."
 
 
 9
 Accordingly, based upon the the district court's opinion and the analysis in this per curiam, we affirm the district court's denial of petitioner's habeas petition.
 
 
 
 *
 Honorable R. Allan Edgar, United States District Court for the Eastern District of Tennessee, sitting by designation